ROSARIO ROTINO, PROSECUTOR-APPELLANT, v. J. P.
SCANLON, INC., DEFENDANT-RESPONDENT.

Submitted February 14, 1941—Decided May 1, 1941.

For the prosecutor-appellant, *Edwin J. O'Brien* (*Nathan
Baker,* of counsel).

For the defendant-respondent, *Wall, Haight, Carey &
Hartpence* (*Charles J. Gormley,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a Supreme Court judg-
ment in *certiorari* affirming a judgment in the Hudson County
Court of Common Pleas which in turn had affirmed the action
of the Workmen's Compensation Bureau dismissing a petition
for further compensation because of alleged increased perma-
nent disability. The opinion of the Supreme Court clearly
points out that the question involved was one of fact, *i. e.,*
whether there had been an increase in disability after the
award to the petitioner, chargeable to the accident upon which
the original award was made. Both the Bureau and the Court
of Common Pleas decided against the prosecutor's claim that
the increase in disability was due to the accidental injury and
held that the increased disability was a result of the natural
progress of the pre-existing condition and that the workman

had been compensated in full for any disability resulting from the accident.

In determining the issue presented by the petition based on alleged increased disability the referee determined the fact as follows: "Considering the pre-existing condition of osteo arthritis, which in itself is progressive in nature, as well as the facts relating to the accident, I am of the opinion that any increase in disability now suffered by the petitioner is due to the natural progress of the pre-existing condition and that he has been fully compensated for any disability resulting from the accident." The judge in the Common Pleas Court came to the same conclusion.

It is argued that the judge in the Pleas erred in affirming the Bureau because he proceeded to his conclusion on assumptions that were inaccurate and, further, that he had an erroneous view of the law of the case. We are not called upon to go into these questions. The appeal here is from the Supreme Court judgment. The Supreme Court found the fact independently of the two tribunals that had previously considered the case. It is its duty to determine the facts independently in a review of this kind (*Anderson* v. *Federal Shipbuilding, &c.*, 118 *N. J. L.* 55) and it did so. Where on an appeal to this court from a judgment of the Supreme Court on *certiorari*, it is evident that the Supreme Court found the facts, and there is competent evidence to support the conclusion of the Supreme Court, that judgment will be affirmed. *Krauss* v. *G. H. Fritz & Son*, 87 *N. J. L.* 321; *Frasier* v. *Bamberger Co.*, 110 *Id.* 447; *Fountain* v. *Booth & Flinn, Ltd.*, 122 *Id.* 427; *Helminsky* v. *Ford Motor Co.*, 111 *Id.* 369; *Friese* v. *Nagle Packing Co.*, 110 *Id.* 588; *Berlinger* v. *Medal Silk Co.*, 113 *Id.* 476.

"The Court of Errors and Appeals will not weigh the evidence, and where a question of fact is presented by the proofs in the Supreme Court and determined, the judgment of that court is conclusive on appeal and will not be reversed." *Berman* v. *Levenstein*, 121 *N. J. L.* 139. See, also, *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *Id.* 512, which holds the Court of Errors and Appeals "will invariably affirm the judgment of the Supreme Court as to a fact conclusion if the fact

finding is sustained by any evidence, but it is our duty to reverse any material fact conclusion if it rests on premises that are erroneous." Such was not the case here. The fact found in the Supreme Court had ample evidence to support it. The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.